United States District Court
Southern District of Texas
**ENTERED**
February 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE MARLOW, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-19-579 |
| | § | |
| HCSO ARRESTING OFFICER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Eddie Marlow (SPN 01226099), *pro se* and currently in the custody of the Harris County Jail, has filed a civil action for damages and injunctive relief against his arresting officer, alleging that the officer was too aggressive and caused Plaintiff's dog to react in an aggressive manner. [Doc. No. 1]. Plaintiff has also filed a motion to proceed *in forma pauperis*. [Doc. No. 2]. After reviewing all of the pleadings, the Court concludes that this case must be **dismissed** for reasons that follow.

I. **DISCUSSION**

As an initial matter, the Court notes that Marlow has filed his claim on the form for a petition for a federal writ of habeas corpus. [Doc. No. 1]. Marlow's claims are not actionable under the federal habeas corpus statutes because he does not seek relief in the form of release from confinement. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the "fact of confinement"). Accordingly, his submission is a civil action that is subject to the Prison Litigation Reform Act (the "PLRA"). *See Patton v. Jefferson Correctional Center*, 136 F.3d 458,

464 (5th Cir. 1998) ("litigious prisoners" may not circumvent the PLRA by pleading habeas claims as components of § 1983 suits or by "creative joinder of actions").

Under the "three strikes" rule found in the PLRA, 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

Marlow has accumulated at least four strikes while incarcerated: (1) *Marlow v. Rodriguez*, Civil No. H-19-282 (S.D. Tex. Jan. 30, 2019) (dismissed as malicious and duplicative); (2) *Marlow v. Rodriguez*, Civil No. H-18-4857 (S.D. Tex. Jan. 8, 2019) (dismissed as frivolous); (3) *Marlow v. Harris County Sheriff's Office*, Civil No. H-18-4699 (S.D. Tex. Dec. 27, 2018) (dismissed for failure to state a claim); and *Marlow v. Harris County District Attorney, et al.*, Civil No. H-18-4674 (S.D. Tex. Jan. 25, 2019) (dismissed as frivolous). Marlow does not show that he is under imminent danger of serious physical injury or that he fits within any exception found in 28 U.S.C. § 1915(g). Because Marlow is not eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by § 1915(g).

## II. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* [Doc. No. 2] is **DENIED**.

2. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff may move to reopen this case only if he pays the filing fee ($400.00) within thirty days of the date of this order.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, this \_\_\_22nd\_\_\_ day of February, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE